# 7429

NO. 7429.

(Court of Appeal Parish of Orleans.)

Carolina Portland Cement Company.

—vs—

Carey & Boettner et. als.

7429 183

-----------------------

Dinkelspeil- J.- The controversy in this case presents sub-
-stantially the following facts;-

The plaintiffs, manufacturers of cement and other building
materials, sue Carey & Boettner, an ordinary partnership, composed
of Walter T. Carey and Henry Boettner, the Sewerage & Water Board
of New Orleans, Richard Mc. Carthy, Jr.and the United States
Fidality and Guaranty Company, claiming that petitioners furnished
to Carey & Boettner, from June 7th. 1915 to June 18th. 1915, they
being sub-contractors of Richard Mc. Carthy Jr., goods, wares,
merchandise and materials for the price and sum of $711.25;
that said materials so furnished were used by Carey & Boettner, such
sub-contractors, under their contract with Mc. Carthy in work
done for the Sewerage & Water Board under Mc. Carthy's contract
with it.

That under said contracts the surety company became responsible
to whoever might appear and be entitled thereto. Its libility
therefor being in a sum in excess of the amount claimed in favor
of all parties in interest as above r recited.

In this case all parties were served . Carey & Boettner not
answering, a judgment by default was entered against them and
confirmed.

The Sewerage & Water Board in its answer claimed substantially,
that a complete settlement was had between it and the said Mc.
Carthy, but that respondent had in its hands $714.00 to cover
such claims as plaintiff herein might have under the attested
account served on respondent less such costs as may be expended
by respondent herein.

Richard Mc. Carthy in his answer admits, that he was indebted in the sum claimed, in fact the original contract was for $3.414.00. on which Mc. Carthy claims to have paid $2.369.70., and therefor has in his hands subject to this judgment the sum of $60.30., which he is ready and willing to pay.

The Surety Company and Mc. Carthy base their defenses on the fact that this being a public work, that there is no lien or priv--ilege in favor of the material man or otherwise, and that plain--tiffs have no lien or privilege on them against the works or in the fund in the hands of the Sewerage & Water Board. On the contrary, they allege, that said amount in the hands of the Sewer--age & Water Board, was and is due to Mc. Carthy in his sole and exclusive right, free from any claim by the plaintiffs, and said fund should be paid to Mc. Carthy, and the Sewerage & Water Board should be ordered and directed to make such payment.

Mc. Carthy further claims in his behalf, that Carey & Boettner not having given proper notice at the proper time, that is forty--five days, under act 134 of 1906, plaintiffs cannot be heard to contest this amount not having given that notice and Mc. Carthy, not having received it from anyone else.

We donot understand and do not ixxxxxxxxx interpret the decisions in the cases of Barret Manufacturing Co. vs. The Dock Board, 133 La. Page 1032, nor the case of the State vs. Jackson, 137 La. Page 931 to be in point with the case at bar; for the reason that these contracts were made with public bodies of the State or its adjuncts , and under the terms of the act in question there can be no doubt, the State as such, not being sueable parties, laboring men, material men and others can not look to the State, as in these cases above sited, for compensation. The act in question being read into the contract, and therefore we do not consider that case to apply in this controversy.

Xx The question of no service having been made of an attested account within the prescribed time does not apply in this case, because the contract in question was not entered into between

the Sewerage & Water Board and Carey & Boettner, but, on the contrary, between Mc. Carthy the contractor for the Sewerage & Water Board and the sub-contractors Carey & Boettner, therefore the act in question, ins so far as prescription is concerned , is in our judgment not applicable.

The Supreme Court in the case of Shreveport Mutual Building & Association vs. Whittington, 141 La. Page 47, said; "In no case has it ever been held that the surety was released by non service of an account upon the owner; and this court cannot possibly so hold unless it it prepared to hold that the contractor is released for the Satute in express terms provides that: "The surety herein shall be limited to such defenses only as the principal on the bond can make.

For the reasons herein expressed the judgment of the District Court is affirmed.

Judgment affirmed.